GARDEN, JUDGE:
On April 15, 1976, Robert F. Hewitt, an employee of claimant, was operating claimant’s tractor-trailer rig in a southerly direction on Secondary Route 79. He was proceeding from Rain-elle to the Pure Oil Refinery near Cabin Creek. Secondary Route 79 at the time of the accident was a two-lane blacktop road. It was daylight and the weather was clear and the roadway dry. Hewitt had just driven onto Secondary Route 79 from Route 61 and was some 600 feet south of the intersection of these two routes when he saw a flagman and a crew working on Secondary Route 79. The flagman motioned for Hewitt to proceed, and as he proceeded through the work area he encountered mud on the road. Hewitt testified that as he proceeded through the mud something jerked his rig to the right and into the ditch along the west side of the road. He was not sure whether it was a pothole or something else that caused his rig to be jerked to the right. The rig, principally the trailer whose frame had been bent, was damaged, and the repair bill, including labor and material, amounted to $1,410.77.
The Notice of Claim alleges that the accident was due to “inadequate flagging on a mud-slick section of the road.” The respondent denies that it was negligent in any manner and further denies that the flagman who motioned Hewitt through the work area was its employee. In support of this contention the respondent called as a witness one of its foremen, Jerry Easter, who testified that on the day of the accident the firm of Orders & Haynes was widening Secondary Route 79 a distance of-two feet and that it was necessary for the contractor “to cut the road out and then put it back in with blacktop.” *157 Easter further testified that the respondent had no supervisory-personnel on the job, but that they did have one employee, Miguel Rodriguez, on the job simply for the purpose of taking tickets from Orders & Haynes’ truck drivers so that respondent would have a record of loads and tonnage of dirt and other material that the contractor had moved during the construction.
Driver Hewitt in his testimony indicated that he recognized vehicles belonging to respondent at the job site from the emblems on the doors, but he admitted that he could not identify the flagman as an employee of respondent. Deputy Sheriff J. T. Meadows, who investigated the accident, testified that he did not observe any vehicles of the respondent at the job site during the course of his investigation.
The Court believes that the record fails to demonstrate that the subject flagman was an employee of respondent but most probably was an employee of the independent contractor, Orders & Haynes, and as such, the respondent cannot be held liable for the negligence, if any, of such flagman. For this reason the claim is disallowed.
Claim disallowed.